**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4969**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ROGELIO BERRA DE LA PAZ,

                    Defendant – Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., District Judge.  (1:10-cr-00049-WO-1)

Submitted: May 26, 2011              Decided:  June 3, 2011

Before MOTZ, KING, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North
Carolina, for Appellant.  Terry Michael Meinecke, Assistant
United States Attorney, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rogelio Berra De La Paz appeals the 135-month sentence imposed following a guilty plea to conspiracy to distribute five kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. § 846 (2006), and possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5) (2006). On appeal, De La Paz's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she concludes that there are no meritorious issues for appeal but questions the reasonableness of the sentence. De La Paz was informed of his right to file a supplemental pro se brief, but he has failed to file one. We affirm.

This court reviews a sentence for procedural and substantive reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). District courts are required to properly calculate the Guidelines range, consider the 18 U.S.C. § 3553(a) (2006) factors, analyze any arguments presented by the parties, and sufficiently explain the selected sentence. Id.; see also United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (same). The district court's explanation need not be extensive, so long as we are satisfied "'that the district court has

considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir.) (quoting Rita v. United States, 551 U.S. 338, 356 (2007) (alterations omitted)), cert. denied, 131 S. Ct. 165 (2010). Finally, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Counsel has failed to identify any reversible error in the imposition of De La Paz's within-Guidelines sentence. The record indicates that the district court followed the necessary procedural steps in sentencing De La Paz. Moreover, we do not believe that De La Paz's sentence is substantively unreasonable under the circumstances of this case. Thus, we conclude that the district court did not abuse its discretion in sentencing De La Paz.

In accordance with Anders, we have reviewed the entire record and found no other issues of arguable merit. Therefore, we affirm the district court's judgment. This court requires that counsel inform her client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED